IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:12-CV-2316

MS PACIFIC CO., LTD.

                Plaintiff,

-against-

SPORTEX, INC.

                Defendant

SPORTEX, INC.

                Counterclaim Plaintiff,

-against-

MS PACIFIC CO., LTD.

                Counterclaim Defendant.

---

**DEFENDANT'S FINAL PRETRIAL ORDER**

---

### 1. DATE AND APPEARANCES

This matter having come before the court on April 29, 2013, at a pretrial conference held before the Honorable Michael E. Hegarty, pursuant to Fed. R. Civ. P. 16; and Michael Zachary Bluestone having appeared as counsel for Plaintiff, and William B. Hayes having appeared as counsel for Defendant, the following action was taken:

### 2. JURISDICTION

Subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. Sec. 1332. Venue is proper in this Court under 28 U.S.C. Section 1391 (a) and

(c).

### 3. CLAIMS AND DEFENSES

A. Plaintiff's claims include breach of contract, account stated, action for price, and unjust enrichment arising from Plaintiff's sale and delivery to Defendant of various goods, including jackets and fleece products as more specifically set forth on Plaintiff's Sales Contracts (the "Goods"), and Defendant's failure to make any payment for such Goods.

Plaintiff alleges that Defendant received Goods that were of the same nature and quality as fabric samples ("Fabric Samples") sent to Defendant and agreed on between the parties. Plaintiff alleges that it sent Defendant Fabric Samples and Merchandise Samples and that Defendant approved both the Fabric Samples and Merchandise Samples. Upon the receipt of Defendant's approval of the Fabric Samples, Plaintiff shipped the Goods to Defendant in accordance with the terms of the Sales Contracts. Plaintiff alleges that Defendant's actions constitute a breach of contract and seeks payment of the amounts due pursuant to the Sales Contracts.

B. Defendant denies Plaintiff's allegations and liability to Plaintiff. Defendant alleges that the Goods, including the jackets and fleece material, it received from Plaintiff did not conform to the nature and quality which it intended to purchase. Defendant alleges Plaintiff's actions constitute a breach of contract and Defendant is not liable to Plaintiff for the goods. Defendant's defenses include Plaintiff's failure to state a claim upon which relief may be granted, that Plaintiff's claims are barred by the equitable doctrines of waiver and estoppel, and Plaintiff's failure to mitigate its damages.

Defendant alleges that at the outset of the transaction which gives rise to this lawsuit, it provided Plaintiff certain samples of jackets and all of the other products

2

which it wished Plaintiff to replicate and manufacture for sale to Defendant ("Third Party Products") and that Plaintiff agreed to manufacture and sell such replications. Defendant also alleges that it did not approve the Fabric Samples which it received from Plaintiff and that it provided notice of defects of the Goods to Plaintiff, and as a result, it is not liable to Plaintiff for payment of the Goods.

C.  Defendant filed a counterclaim against Plaintiff for damages it claims it incurred as a result of receiving inferior, defective and/or non-conforming Goods from Plaintiff.

Plaintiff denies that the Goods were defective and/or non-conforming and denies that the agreement was for replication of the Third Party Products. Plaintiff's defenses include Defendant's failure to mitigate its damages, Defendant's sale of a significant portion of the Goods to its customers, Defendant's repeated written promises to make full payment for the Goods, Defendant's failure to provide specific notice of the alleged nature of defect of the Goods within a reasonable time, and Defendant's failure to inspect the alleged defective Goods.

### 4.  STIPULATED FACTS

The following facts are undisputed:

1. Plaintiff is a corporation organized and existing under the laws of the Republic of South Korea, and Defendant is a corporation organized and existing under the laws of Colorado.

2. In May 2010 and June 2010, Plaintiff and Defendant entered into three sales contracts (the "Contracts") for the purchase and sale of various types of fleece jackets, fleece blankets, and other jackets including waterproof windshirts and windbreakers. The quantities and descriptions of the goods are set forth in the three (3) Sales Contracts Plaintiff references as Exhibits 4, 5 and 6 in its Complaint.

3

3. The combined value of the Contracts totals $1,835,374.60, which includes $1,124,222.10 of various fleece jackets and blankets ("Fleece") and $711,152.50 of various waterproof windshirts and windbreakers ("Wind Products").
4. In early 2010, Defendant sent to Plaintiff the Third Party Products.
5. There is no record of any instructions included in the shipment of the Third Party Products.
6. Subsequent to the shipment of the Third Party Products, there was no communication between the parties specifically referencing the Third Party Products.
7. Defendant received some Fabric Samples from Plaintiff, and Defendant failed to test any of Fabric Samples for waterproofing, water resistance or any other test
8. Defendant failed to produce any, notes, emails, or any other reference indicating the quality of any of the Fabric Samples.
9. Plaintiff shipped the Goods, and Defendant received all of the Goods in the Contracts between September 2010 and November 2010.
10. Defendant has no record of and cannot identify which pieces of the Goods were sent to which of its potential customers.
11. Defendant did not inspect or otherwise review the Goods prior to sending samples of the Goods to its customers.
12. Defendant received "very few complaints" from customers which it sent samples of the Goods to.
13. On or about December 11, 2010, after having not received any payment for the Goods, Mr. Kim, the president of Plaintiff, visited Defendant at its Denver, Colorado office where the Goods were located.
14. Defendant received approximately $1,000,000 from its customers from the sale of a portion of the Goods, and currently possesses the remaining inventory
15. Defendant has not made any payment to Plaintiff towards the Goods

## 5. PENDING MOTIONS

Plaintiff filed a Motion for Summary Judgment on February 14, 2013 (ECF 14) and Defendant filed its Response and Opposition on March 15, 2013 (ECF 19). On April 1, 2013, Plaintiff submitted its Reply in support of its Motion for Summary Judgment. (ECF 20).

# 6.
# WITNESSES

a. List the non-expert witnesses to be called by each party. List separately:

(1) witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff:

1. Mr. MyungSup Kim, President of Plaintiff, 503 Samsung IT Vali 197-5, Guro-3 Dong, Guro-Gu, Seoul, Republic of Korea. Mr. Kim will testify at trial about the manufacture and shipment of the Goods, the nature and quality of the Goods, the Sales Contracts, his meetings and correspondence with Mr. Lee and payment for the Goods.
2. Johnny Lee, President of Defendant, 6247 El Diente Peak Place, Castle Rock, Colorado 80108.

Defendant:

1. Johnny Lee 6247 El Diente Peak Place, Castle Rock, Colorado 80108. Mr. Lee will testify at trial about his prior relationship with Kim, the samples he gave Mr. Kim to duplicate, Defendant's receipt of the Goods, the nature and quality of the Goods, including the alleged defects and non-conformities, the Sales Contracts, his meetings and correspondence with Mr. Kim and his reasons for non-payment for the Goods.
2. Clyde Lay,1550 Larimer, Denver, CO 80202. Mr. Lay will testify at trial that the Goods Defendant provided to him for resale were

defective and non-conforming to other similar goods available in the marketplace and the nature and extent of the defects.

        3.     Mr. David Threlfall, 5507 Idylwild Trail, Boulder, CO 80301. Mr. Threfall will testify at trial that the Goods Plaintiff manufactured and shipped to Defendant were defective and non-conforming to other similar goods available in the marketplace and the nature and extent of the defects.

(2)     witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff:

        2.     Mr. MyungSup Kim, President of Plaintiff, 503 Samsung IT Vali 197-5, Guro-3 Dong, Guro-Gu, Seoul, Republic of Korea. Mr. Kim will testify at trial about the manufacture and shipment of the Goods, the nature and quality of the Goods, the Sales Contracts, his meetings and correspondence with Mr. Lee and payment for the Goods.

        3.     Johnny Lee, President of Defendant, 6247 El Diente Peak Place, Castle Rock, Colorado 80108.

(3)     witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

Plaintiff:

        1.     Johnny Lee, President of Defendant, 6247 El Diente Peak Place, Castle Rock, Colorado 80108.

b.     List the expert witnesses to be called by each party. None

### 7. EXHIBITS

<u>Plaintiff:</u>

Exhibit 1 – Sales Contract

Exhibit 2 – Sales Contract

Exhibit 3 – Sales Contract

Exhibit 4 – Sportex Inc. Invoices & Account Statement

Exhibit 5 – Johnny Lee's Deposition Excerpts and Exhibits

Exhibit 6- Defendant's Response to Plaintiff's First Set of Interrogatories

Exhibit 7- Johnny Lee's fabric swatch emails dated April 13, 2010

Exhibit 8- Johnny Lee's fabric swatch emails dated April 29, 2010

Exhibit 9- Johnny Lee's email dated July 20

Exhibit 10- Johnny Lee's letter dated August 12, 2010, requesting MSP to lend them $600,000 for costs

Exhibit 11- Johnny's Lee's fabric swatch email dated September 15, 2010

Exhibit 12- Johnny Lee's apology email, explaining financial difficulties dated December 6, 2010

Exhibit 13- Sportex's payment schedule to MSP dated December 11, 2010

Exhibit 14- Sportex's apology email dated December 22, 2010

Exhibit 15- Sportex's payment confirmation dated Dec. 23, 2010

Exhibit 16- Sportex's letter to MSP dated Jan. 30, 2011

Exhibit 17- Sportex's payment confirmation dated Feb. 28, 2011

Exhibit 18- Sportex's letter dated March 21, 2011, refusing to make $100,000 payment

Exhibit 19- Sportex's apology email dated March 27, 2011

Exhibit 20- Sportex's letter dated May 9, 2011 showing Sales Report for April 2011

Exhibit 21- Sportex's apology letter dated July 1, 2011

Exhibit 22- Sportex's apology letter dated July 11, 2011 with Sales Report

Exhibit 23- Sportex's payment confirmation dated August 30, 2011

Exhibit 24- Sportex's letter to MSP dated August 31, 2011

Exhibit 25- Sportex's payment confirmation dated October 2, 2011

Exhibit 26- Sportex's letter to MSP dated November 14, 2011, confirming to make the promised payment,

Exhibit 27- Sportex's first notice letter dated November 15, 2011

Exhibit 28- Sportex's sales history of the MSP's Goods

Exhibit 29- Sportex apology letter dated December 6, 2011

Defendant:

Exhibit A – Representative sample of Fleece goods

Exhibit B – Representative sample of waterproof Wind goods

Exhibit C - Representative sample of other goods

Exhibit D – Standard Third Party Goods

Exhibit E – November 16, 2010 email from Mr. Lee to Mr. Kim regarding Goods

Exhibit F – December 14, 2010 email from Mr. Lee to Mr. Han regarding Goods

Exhibit G – October 2, 2011 email from Mr. Lee to Mr. Kim regarding Goods

Exhibit H – November 4, 2011 letter from Defendant's customer Universal regarding Goods

Exhibit I – Entry Summary for a portion of the Goods dated August 26, 2010

Exhibit J – Entry Summary for a portion of the Goods dated August 27, 2010

Exhibit K – September 30, 2011 email from Mr. Kim to Mr. Lee regarding $300,000 payment for Goods

Exhibit L – Defendant's duty, freight, transportation, inspection, storage, shipping and other costs and expenses incurred in connection with the receipt of the Goods.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

A.  Defendant's exhibits A. through D. are tangible things, being alleged samples of goods. These exhibits were never provided by Defendant to Plaintiff as required through Initial Disclosures, FRCP 26(a)(1) (ii) and (iii), and as a result, Plaintiff has not had an opportunity to examine these tangible proposed exhibits and to conduct discovery as to each exhibit.

The description of these unknown goods is vague, unspecified, and permits Defendant to choose any product in its discretion and fit it within the description given with each prospective exhibit. The proposed usage of these products is highly prejudicial to Plaintiff and as a result, all of these proposed exhibits should be stricken.

B.  Defendant lists two fact witnesses, in addition to Mr. Lee, president of Defendant, as non-expert witnesses to be called at trial. Pursuant to the descriptions of each of their proposed testimony, they will each be testifying to facts which are within the province of an expert witness.

Defendant states that Clyde Lay will be testifying, "that the goods Defendant provided to him for resale were defective and non-conforming to other similar goods available in the marketplace and the nature and extent of the defects."

Defendant states that David Threlfall will be testifying, "that the goods plaintiff manufactured and shipped to Defendant were defective and non-conforming to other similar goods available in the marketplace and the nature and extent of the defects."

One of the major issues between the parties in this action is the quality of the fleece material used in various products sold to Defendant. Because these proposed witnesses are not experts at determining whether the goods at issue are of performing or substandard quality, Plaintiff takes the position that these witnesses should not be permitted to testify.

Testifying regarding the quality of fabric requires an expertise beyond that of a layman. Only an expert witness should be called to testify as to the details of a variety of issues, including: the nature of the cloth used (polyester, cotton, etc.), the weight of the fabric, the quality of the sewing (with the grain or against it, seams reinforced or not), the thread count, whether the fabric is waterproof, what manufacturing procedure was used, and other factors.

Because the standard for differentiating between "defective and non-confirming" fabric is an issue that only an expert can testify to, proposed witnesses Lay and Threlfell should not be substituted for an expert. Defendant has stated to Plaintiff on numerous occasions it would provide an expert, yet Defendant has failed to do so and intends on proceeding to trial without an expert. Because the quality of the goods at issue is likely the most critical issue in the case, any proposed testimony by either of these witnesses, or testimony of Mr. Lee, Defendant's president, bearing on these issues should be prohibited at the outset as these individuals are not expert witnesses.

C.  As Plaintiff's President, Mr. MyungSup Kim is expected to come to the United States for the trial from South Korea, and Mr. Kim would need a certified interpreter for Korean language.

## 10. SETTLEMENT

It is certified by counsel for the parties that:

Counsel for the parties have met and communicated regularly and recently by email and telephone to discuss, in good faith, the settlement of the case. Counsel for both parties have included their clients in the settlement discussions and negotiations. Offers of settlement have been discussed and communicated to both parties. Future settlement conferences may be held. It appears from the discussion by all counsel that there is a good possibility of settlement. Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME

1.  Trial is to the court

2. Estimated trial time is two (2) days

3. Situs of trial is Denver, Colorado

4. There are no other orders pertinent to the trial proceedings

DATED this _____ day of _____, 20<u>13</u>.

                                                               BY THE COURT

                                                               _____
                                                               United States Magistrate Judge

APPROVED:

| _____ | _____/s/ William B. Hayes_____ |
|---|---|
| Michael Zachary Bluestone | William B. Hayes |
| 4405 East-West Highway Suite 402 | 257 Jackson Street |
| Bethesda, Maryland 20814 | Denver, CO 80206 |
| 301 656 0230 | 303 514 0658 |
| Attorney for Plaintiff | Attorney for Defendant |